NICHOLAS J. BOOS, Nevada Bar No. 16047
nboos@maynardnexsen.com
MAYNARD NEXSEN LLP
Two Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone: (415) 646-4700
Facsimile: (205) 254-1999

Attorneys for Defendants
LM INSURANCE CORPORATION and LIBERTY MUTUAL
INSURANCE COMPANY

Designation for Service Only:
Kristol Bradley Ginapp, Nevada Bar No. 8468
Holley Driggs
300 S. 4th Street, Suite 1600
Las Vegas, Nevada 89101
kginapp@nevadafirm.com

Harry Stuart Kinder
11720 Puerto Banus Ave
Las Vegas, NV 89138
Tel: 415-717-2471
Email: barrister999@yahoo.com
Plaintiff *Pro Se*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HARRY STUART KINDER,<br><br>         Plaintiff,<br><br>v.<br><br>LM INSURANCE CORPORATION,<br>LIBERTY MUTUAL INSURANCE<br>COMPANY, and Does 1 through 100,<br><br>         Defendants. | Case No. 2:23-cv-01338-JAD-BNW<br><br>**STIPULATED DISCOVERY PLAN<br>AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW<br>REQUESTED** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, Defendants LM Insurance Corporation ("LM") and Liberty Mutual Insurance Company ("Defendants"), by and through their counsel of record, the law firm Maynard Nexsen LLP, and Plaintiff Harry Stuart Kinder, *pro se* ("Plaintiff") (collectively "the Parties"), submit this Stipulated Discovery Plan and Scheduling Order.

**A.    Initial Disclosures.**

The Parties have stipulated that Defendants will make initial disclosures by March 21,

2024 and Plaintiff will provide initial disclosures by March 28, 2024

**B.    Discovery Plan.**

The Parties jointly propose the following discovery plan:

**Subjects of discovery:** The parties may conduct discovery within the scope of FRCP 26(b), and expressly reserve their rights to conduct discovery on any and all matters relevant to the claims and defenses raised in the pleadings or otherwise available to the parties.

**Should discovery be phased, limited or focused:** The parties do not believe that discovery should be phased, limited, or focused. Discovery shall commence upon the entry of a scheduling order.

**Disclosure of electronically stored information ("ESI"):** The parties have undertaken efforts to retain any ESI relevant to this matter and have agreed that ESI need not be produced in any certain form as long as the form provides the other party(ies) reasonable access to the information. To the extent that any party seeks ESI that would be cumulative, burdensome or unduly costly to produce, counsel for the parties will confer in good faith to reach a mutual agreement regarding the production of such ESI.

**Protection of Privileged/Trial Preparation Materials:** The parties prefer to handle these issues on an *ad hoc* basis.

**Agreement to email service:** The parties agree that discovery requests, discovery responses, and document productions may be served on counsel of record via email. Service of such documents by email shall be treated the same as service by personal delivery for purposes of calculating deadlines.

**Other Orders Under FRCP 26(c), or under FRCP 16(b) or (c):** The Parties anticipate entering into a stipulated protective under FRCP 26(c) and are negotiating the terms thereof for presentation to the Court.

**C.    Statement of Reasons Why Different Time Periods Should Apply.**

The Parties respectfully request that the Court enter an order with the deadlines requested herein. The Parties submit that the circumstances in this case justify time periods other than those

set out in Local Rule 26-1(b) should apply, here a reasonably lengthened discovery period of approximately 3 months. First, Plaintiff has alleged some form of alter ego liability in this case. Defendants strongly maintain that Plaintiff's theory fails as a factual matter and as a matter of law. Plaintiff's pursuit of these claims may involve disputes regarding the availability and/or discoverability of documents and information, beyond what would normally be expected in a discovery dispute. Additionally, Plaintiff is proceeding *pro se* which may impact his availability to participate in discovery. Finally, the Parties believe that providing for a different and longer period, when such issues are reasonably anticipated, will save the Parties and the Court the resources and effort of seeking modifications of deadlines that would be set in accordance with Local Rule 26-1(b). The Parties believe that the deadlines set out below will allow for the reasonable and orderly conduct of discovery in this matter.

### D. Discovery Cut-Off Date.

The parties request a discovery period closing on **October 28, 2024**.

### E. Amending the Pleadings and Adding Parties.

The parties shall file any motions to amend pleadings or add parties by **July 30, 2024**, which is 90 days before the close of discovery.

### F. Expert Disclosures.

Disclosures identifying experts and final expert reports shall be made by **August 29, 2024**, which is 60 days before the discovery cutoff date. Rebuttal expert disclosures shall be made by **September 28, 2024**, which is 30 days after the initial disclosure of experts.

### G. Dispositive Motions.

The Parties shall file any dispositive motions by **November 27, 2024**, which is 30 days after the close of discovery.

### H. Pretrial Order.

The joint pretrial order shall be filed by **December 27, 2024**, which is 30 days after the dispositive-motion deadline. However, in the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision of the dispositive

motions or further order of the court.

### I. FRCP 26(a)(3) Pretrial Disclosures.

The disclosures required by FRCP 26(a)(3) and any objections thereto shall be included in the pretrial order.

### J. Alternative Dispute Resolution/Mediation.

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution including mediation, arbitration, and early neutral evaluation; and the parties are exploring using one of these methods.

### K. Alternate Forms of Case Disposition.

The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time, the parties do not agree to utilize these alternate forms of case disposition.

### L. Electronic Evidence.

The parties certify that they considered whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. The parties did not make any stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

Dated:  March 13, 2024

MAYNARD NEXSEN LLP

By:  /s/ Nicholas J. Boos
NICHOLAS J. BOOS
Attorneys for Defendant
LM INSURANCE CORPORATION and
LIBERTY MUTUAL INSURANCE
COMPANY

Dated: March 13, 2024

By: /s/ Harry Stuart Kinder
HARRY STUART KINDER
Plaintiff *Pro Se*

**IT IS SO ORDERED**

**DATED:** 4:02 pm, March 14, 2024

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**PROOF OF SERVICE**

STATE OF CALIFORNIA             )
COUNTY OF SAN FRANCISCO    )

      I am employed in the County of San Francisco, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is Maynard Nexsen LLP, Two Embarcadero Center, Suite 1450, San Francisco, CA 94111. On the date indicated below, I served the foregoing document described as:

**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

on the interested parties in this action:

Harry Stuart Kinder
11720 Puerto Banus Avenue
Las Vegas, NV 89138
Tel: (415) 717-2471
Email: barrister999@yahoo.com

Plaintiff, Self-Represented

**[X]     BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the documents to be sent from email address bday@maynardnexsen.com to the persons at the e-mail addresses listed above.

      I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed on March 13, 2024, in San Francisco, California.

_____
Brian Day

STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER